UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN ANTHONY GALINDO, | No. 2:14-cv-1678 TLN AC P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| PEOPLE OF THE STATE OF CALIFORNIA,[1] | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently pending is respondent's motion to dismiss. Petitioner filed an opposition; respondent replied. For the reasons set forth herein, this court recommends that respondent's motion to dismiss be granted.

Pursuant to his petition, filed July 16, 2014, petitioner seeks review of his September 14, 2012 conviction for attempted murder, for which he was sentenced to a prison term of seventeen years. ECF No. 1. Review of the petition indicates that petitioner twice sought direct review of

---

[1] A federal petition for writ of habeas corpus must name as respondent the state officer having custody of the petitioner. See 28 U.S.C. § 2254; Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts; Smith v. Idaho, 392 F.3d 350, 354-55 (9th Cir. 2004); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Accordingly, any subsequent habeas petition filed by petitioner must name as respondent the warden at petitioner's place of incarceration.

his conviction in the California Court of Appeal, but did not further pursue these matters in the California Supreme Court. Petitioner states that he did not seek any collateral review. Id. at 2. This court's review of the California Supreme Court's docket indicates that petitioner has filed no matters in that court.[2]

Respondent moves to dismiss the petition on the ground that petitioner failed to exhaust his state court remedies before commencing this federal action. Petitioner does not dispute this fact but states in opposition, inter alia, that he is in the "process of locating paperwork to and history of legal mail to [the] California Supreme Court. Submission of paperwork was either lost or misplaced in transit to Court several times." ECF No. 16 at 1. Petitioner also states that he has attempted without success to contact his attorney for assistance, and that he has been "unable to acquire the proper forms to file with the court . . . due to being locked down . . . .[and] [n]ot getting to the law library. . . ." Id. at 1-2. Petitioner asks that the court "accept his apology for his inexperience in these matters." Id. at 2.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has construed a respondent's motion to dismiss on the ground that petitioner failed to exhaust state remedies as a request for dismissal under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989). Therefore, based on the Rules Governing Section 2254 Cases and case law, the court reviews respondent's motion for dismissal pursuant to its authority under Rule 4.

---

[2] This court may take judicial notice of its own records and the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

The exhaustion of available state remedies is a prerequisite to a federal court's jurisdiction to consider claims presented in a habeas corpus petition. See 28 U.S.C. § 2254(b); see also Rose v. Lundy, 455 U.S. 509 (1982). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all of his claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). When presented with a wholly unexhausted federal habeas corpus petition, a federal district court must dismiss the petition pending the exhaustion of state court remedies. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (completely unexhausted petition must be dismissed without prejudice).

The court finds that petitioner has not exhausted his state court remedies as to any of his claims. Nor do petitioner's reasons for failing to exhaust support an exception to the exhaustion requirement. See 28 U.S.C. § 2254(b)(1)(B)(ii) (court may find exception to exhaustion requirement when "circumstances exist that render [the State] process ineffective to protect the rights of the applicant"). The instant petition must therefore be dismissed without prejudice.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss, ECF No. 8, be granted;

2. The petition be dismissed without prejudice because fully unexhausted, see Rule 4, Rules Governing § 2254 Cases; and

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).

Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 17, 2015

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE